IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


NICK A. GUERRERO,

       Petitioner,

v.                                 CIV 10-0060 RB/CG

MICHAEL MARTINEZ, Warden, and
GARY K. KING, Attorney General for
the State of New Mexico

       Respondents.


# PROPOSED FINDINGS
## AND
## RECOMMENDED DISPOSITION

    This matter is before the Court on Nick Guerrero's petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  Because he filed after the effective date of the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards

apply to this case.  *E.g., AbdulKabir v. Quarterman,* 550 U.S. 233, 246 (2007);

*DeLozier v. Sirmons,* 531 F.3d 1306, 1319 (10th Cir. 2008).  All of the issues can be

resolved on the record before me, and, therefore, an evidentiary hearing is

unnecessary.  *E.g., Schriro v. Landrigan,* 550 U.S. 465, 475 (2007); *Sandoval v.*

*Ulibarri,* 548 F.3d 902, 91516 (10th Cir. 2008); Rule 8(a), RULES GOVERNING SECTION

2254 CASES IN THE UNITED STATES DISTRICT COURTS.

Petitioner is serving a three-year sentence of incarceration for trafficking cocaine.  *See e.g., Doc. 9-2* at 1-2 (six-years of nine year term suspended).  He pleaded guilty to the charge but reserved the right to appeal the trial judge's denial of his motion to suppress.  *See id.* at 10, 13.  Referencing his brief on direct appeal, Petitioner's sole ground for habeas relief is that the "trial court erred in denying [his] motion to suppress because officers had insufficient 'reasonable suspicion' that the law was being violated to justify [his detention]" based on an anonymous tip and what the officers observed.  *Doc. 5* at 5; *id.* at 17-20 (attached portions of docketing statement on appeal).

I recommend that he petition be denied.  It is well-settled that federal habeas relief cannot be granted based on a Fourth Amendment claim if the State has already "provided an opportunity for a full and fair litigation" of the claim.  *Stone v. Powell,* 428 U.S. 465, 482 (1976).  A "full and fair" opportunity encompasses a challenge "at trial and on direct review."  *Id.* at 494, n.37.  The Tenth Circuit requires that to be a "full and fair opportunity" the state court must afford the "procedural opportunity to raise or otherwise present a Fourth Amendment claim," an evidentiary hearing, and "recognition and colorable application fo the correct Fourth Amendment constitutional standards."  *Gamble v. State of Oklahoma,* 583 F.2d 1161, 1165 (10th Cir. 1978); *see also e.g., Herrera v. LeMaster,* 225 F.3d 1176, 1178 (10th Cir. 2000) ("New Mexico Supreme Court failed to apply the Chapman standard in assessing the harmlessness of the Fourth Amendment violation it found, we are persuaded

petitioner did not receive full and fair consideration of his claim"); *Sanchez v. Ulibarri,* 308 Fed. App'x 280, 283-84 (10th Cir. 2009) ("The determinative question, however, is not whether the [New Mexico] court of appeals referenced a particular case, but whether it recognized and made "at least [a] colorable application of the correct Fourth Amendment constitutional standards." *See Gamble* . . . .  And on this score, it is beyond dispute that the state court correctly identified and at least applied in a colorable fashion the federal mandate that a warrantless entry and arrest be justified by probable cause and exigent circumstances.").

Here, Petitioner was represented by a public defender at the trial level and throughout the entire  direct appeal. *See Doc. 9-2* at 1, 6-7, 9, 19, 36,  He was afforded an evidentiary hearing by the trial judge.  *See id.* at  20 ("Mr. Guerrero moved to suppress all evidence . . . under the United States and New Mexico State Constitutions . . . submitted a written motion and supporting memorandum . . . [a] hearing was held on the issue").  Counsel for Petitioner cited federal Fourth Amendment law in support of the arguments in favor of suppression.  *See id.* at 11-14, 27-29, 44-45.

While not citing federal sources in its decision, the New Mexico Court of Appeals reasoned in full:

> Information from an anonymous person can support an investigatory stop if a subsequent investigation sufficiently corroborates the information in order to establish the reliability of the informant, *State v. Urioste* . . . 132 N.M. 592 . . . and particularized information regarding the occurrence of the alleged criminal activity is known to the officers, *State v. Prince* . . . 136 N.M. 521 . . . .  Here, police were able to corroborate information received from the anonymous caller,

including the description of the vehicle, the place where the transaction was to take place, and the approximate time of the transaction.  The caller gave the name of the person who would be driving the vehicle, and officers discovered that the vehicle was registered to that person.  The officers were also given information that Defendant was possibly going to conduct a drug transaction.  During surveillance, the officers observed a second vehicle park next to the Defendant's vehicle, and saw the driver of the vehicle lean into Defendant's window, after which both drivers left.  Based on the information that a drug transaction was possible; the short interaction between Defendant and the other driver, including the fact that the driver leaned into Defendant's window; and Officer DiMatteo's training and experience, there was particularized information present in this case that a drug transaction was taking place.  . . .  The information given by the anonymous caller was corroborated by the officers during surveillance, including particular details corroborating the caller's allegation that a drug transaction would take place.  The investigatory stop was lawful.

*Doc. 9-2* at 33-34.  These are the correct federal standards.  *E.g., United States  v. Sanchez,* 519 F.3d 1208, 1212-13 (10th Cir.) (reasonable suspicion in context of investigatory stops and anonymous tips), *cert. denied,* 129 S. Ct. 167 (2008); *United States v. Copening,* 506 F.3d 1241, 1246 (10th Cir. 2007) (same), *cert. denied,* 128 S. Ct. 2931 (2008).  Moreover, the New Mexico Supreme Court's *Urioste* decision presents the same fact pattern as Petitioner's case, and sets forth in detail and relies on the relevant federal standards.  *See State v. Urioste,* 132 N.M. 592, 595-97, 52 P.3d 964, 967-69 (N.M. 2002); *see also State v. Prince,* 136 N.M. 521, 525-26, 101 P.3d 332, 336-37 (Ct. App. 2004) (relying on *Urioste*), *cert. quashed,* 138 N.M. 440, 120 P.3d 1183 (N.M. 2005).

Accordingly, the Fourth Amendment claim here is not cognizable in federal habeas corpus.

Wherefore,

-4-

**IT IS HEREBY RECOMMENDED** that the § 2254 petition be dismissed with prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE